**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4630**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

ANTONIO CORTEZ GLADNEY,

  Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00023-WO-3)

Submitted:  November 12, 2020                    Decided:  November 24, 2020

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Amos G. Tyndall, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Randall S. Galyon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Antonio Cortez Gladney was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Gladney was sentenced to 168 months' imprisonment. On appeal, Gladney challenges the testimony of an officer with the High Point Police Department. Finding no reversible error, we affirm.

Gladney contends that an officer was permitted to bolster a confidential informant's (CI) testimony by testifying about what the CI told him during the investigation before the CI offered his own testimony. Federal Rule of Evidence 103(a) requires that, to preserve for appellate review an objection to evidence, the objection must be specific, timely, and of record. *See United States v. Cabrera–Beltran,* 660 F.3d 742, 751 (4th Cir. 2011) (applying plain error review after defendant failed to object to admission of evidence on Confrontation Clause grounds); *United States v. Parodi,* 703 F.2d 768, 783 (4th Cir. 1983) (noting that Rule 103(a) requires a timely and specific objection to preserve appellate review). Gladney's objections at trial were insufficient to preserve the alleged error on appeal; accordingly, we review Gladney's claim for plain error. *See United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016) (noting that evidentiary issue is reviewed for plain error after defendants failed to object).

On plain error review, "this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks

2

omitted). Gladney's reliance on this court's decision in *United States v. Bolick,* 917 F.2d 135 (4th Cir. 1990), is misplaced. In *Bolick,* we reversed Bolick's conviction after concluding that the government agent had improperly testified that three impeached witnesses told him that Bolick sold cocaine to one of the three. *Id.* at 140–43. Importantly, we found that the government's entire case against Bolick relied exclusively on the observations of those three witnesses, whose "character for veracity . . . was extremely doubtful." *Id.* at 140. Here, we conclude that there was no plain error. Unlike the agent in *Bolick*, the officer here based much of his testimony on personal observation and the steps he took to corroborate the confidential informant's information about Gladney. Additionally, conversations between the confidential informant and Gladney were recorded and admitted into evidence. Thus, we conclude that the admission of the officer's testimony did not affect Gladney's substantial rights.

Accordingly, we affirm the district court's criminal judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Gladney has filed a motion to file a pro se supplemental brief and a supplemental brief. Because Gladney is represented by counsel and this appeal is not submitted pursuant to *Anders v. California,* 386 U.S. 738 (1967), we deny Gladney's motion to file a pro se supplemental brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011).